UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BYRON GARNER | * | CIVIL ACTION |
| VERSUS | * | NO. 25-294 DIV. (2) |
| TANGIPAHOA PARISH SCHOOL BOARD | * | MAG. JUDGE CURRAULT |

### ORDER AND REASONS

This matter was referred for all proceedings including entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties. ECF No. 24.

Pending before me is Defendant Tangipahoa Parish School Board's Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(5). ECF No. 12-1. Plaintiff Byron Garner filed an Opposition Memorandum, and Defendant filed a Reply Memorandum. ECF Nos. 18, 20. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's Motion to Dismiss, construed as a Motion to Quash, is GRANTED for the reasons stated herein. Plaintiff shall effect proper service on Tangipahoa Parish School Board by no later than December 10, 2025.

**I.      BACKGROUND**

Plaintiff filed this suit against his employer Tangipahoa Parish School Board alleging discriminatory failure to promote (from Head Basketball Coach to Principal and/or Assistant Principal) in 2022 and 2023 and retaliation by being placed on administrative leave in December 2023. ECF No. 1 ¶¶ 5-8. Plaintiff asserts claims under Title VII (discrimination and retaliation), the Americans with Disabilities Act, and 42 U.S.C. § 1981. *Id.* ¶¶ 12-24.

Plaintiff filed suit on February 11, 2025, with summons issued on February 12, 2025. ECF Nos. 1, 6. When Plaintiff failed to effect service within 90 days as required by Rule 4(m) of the Federal Rules of Civil Procedure, the undersigned issued a show cause order on August 8, 2025. ECF No. 7. In response, Plaintiff indicated that he sent a request for waiver on March 10, 2025, but Defendant did not waive service. ECF No. 8. Although Plaintiff, who is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, was entitled to request that the U.S. Marshal effect service, he elected to request additional time to secure funds to hire a process server. *Id.* ¶ 4. As requested, the Court extended the deadline to effect service until October 9, 2025. ECF No. 9.

Plaintiff filed a Return of Service into the record indicating service upon Defendant through Amanda Ragoonath on October 2, 2025. ECF No. 11 at 3. Although the return reflects that Plaintiff hired a private process server, the process server appears to have simply delivered a copy of the summons and complaint to a random employee, not to the properly designated agent for service. *Id.* As such, the private process server failed to properly serve Defendant, which Plaintiff concedes. ECF No. 18 at 2-3.

Defendant now seeks dismissal, asserting that Plaintiff did not receive his right to sue letter until March 20, 2025, which was after he filed suit, and that Plaintiff failed to effect proper service within 90 days of filing the complaint, as required by Rule 4(m). ECF No. 12. Defendant asserts that Rule 4(j)(2) governs service on political subdivisions and requires delivery to the chief executive officer or in the manner prescribed by state law, which in Louisiana requires service on the President or Vice-President under LA. REV. STAT. § 17:51. ECF No. 12-1 at 2-3. Defendant asserts that Ms. Ragoonath is neither the Chief Executive Officer nor the President or Vice-President of the School Board; therefore, she is not a proper recipient of service. *Id.* at 3.

Defendant requests that the case be dismissed with prejudice because any claim would now be time-barred. *Id.* at 3-6.

In Opposition, Plaintiff concedes that service was improper. ECF No. 18 at 2-3. However, he asks that service be quashed due to his technical defect and that he be given an additional 14 days within which to serve the proper officer. *Id.* at 1-2. Plaintiff argues that even a Rule 4(m) dismissal without prejudice would effect a dismissal with prejudice because the limitation period has now expired, and dismissal based on procedural error is contrary to the goal of resolving disputes on the merits. *Id.* Plaintiff further argues that an extension of the service deadline is proper because Defendant received notice of the suit and is not prejudiced. *Id.* at 4-6.

In Reply, Defendant argues that Plaintiff already received a 30-day extension of Rule 4(m)'s deadline and reiterates its request for dismissal with prejudice. ECF No. 20 at 1-3. It further argues that notice of suit is not a defense to insufficient service and suggests that the heightened standard under *Millan v. USAA General Indemnity Co.*[1] is inapplicable because service was only four days after the deadline in that case. *Id.* at 3-5.

## II.    APPLICABLE LAW AND ANALYSIS

Although Rule 4(d)(1) imposes a duty to avoid unnecessary expense of service on an individual, corporation, or association subject to service under Rule 4(e), (f), or (h), it does not impose that obligation on political subdivisions subject to service under Rule 4(j).[2] Therefore, Plaintiff's March 12, 2025, request for waiver was procedurally improper.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part:

---

[1] 546 F.3d 321 (5th Cir. 2008).
[2] *Moore v. Hosemann*, 591 F.3d 741, 746 (5th Cir. 2009) (explaining that Rule 4(j) renders Rule 4(d) inapplicable to local municipal corporations and any other state-created governmental organization that is subject to suit); *Pechon v. La. Dep't of Health & Hosps.*, No. 08-0664, 2009 WL 10680050, at *2 (E.D. La. Jan. 12, 2009) (noting that Rule 4(d)'s waiver-of-service provision does not apply to actions against governments subject to service under Rule 4(j) (citing FED. R. CIV. P. 4 advisory committee's notes to 1993 amendments)).

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

While Rule 4(m) permits a court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within the specified time,[3] the court must extend the deadline for service if plaintiff can establish good cause for failing to serve the defendant.[4] Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service.[5] In this case, the Court extended the period for service through October 9, 2025, and Plaintiff effected service, albeit insufficiently, within the extended Rule 4(m) deadline.

A dismissal under 12(b)(5) is typically granted without prejudice because "dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim."[6] District courts enjoy broad discretion in Rule 12(b)(5) context.[7] The abuse of discretion standard requires a finding that no reasonable person could take the view adopted by the trial court.[8] Although a district court's Rule 12(b)(5) or 4(m) dismissal of a claim is reviewed for abuse of discretion, review is more exacting and requires heightened scrutiny when the dismissal bars further litigation.[9] In this case, the heightened standard applies because dismissal of this matter, even without prejudice, would effectively constitute a dismissal with prejudice because more than

---

[3] *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).
[4] *Id.*
[5] *Id.*
[6] *Denham v. Watkins*, No. 24-60201, 2024 WL 4403871, at *2 (5th Cir. Oct. 4, 2024) (quoting *Millan*, 546 F.3d at 326).
[7] *See George v. U.S. Dep't of Lab., Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986) (per curiam) ("The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process.").
[8] *See Henderson v. Republic of Tex.*, 672 F. App'x 383, 384 (5th Cir. 2016) (quoting *Ratliff v. Stewart*, 508 F.3d 225, 229 (5th Cir. 2007); and citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 445 (5th Cir. 1996)).
[9] *Lucero v. Wheels India, Ltd.*, No. 23-10494, 2023 WL 8622293, at *2 (5th Cir. Dec. 13, 2023) (citing *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014)).

90 days passes since the EEOC's March 20, 2025, determination letter.  Therefore, and contrary to Defendant's assertion, this heightened standard of review applies to Defendant's current request for dismissal.[10]

When affirming dismissals under the applicable heightened standard, the Fifth Circuit generally requires at least one of the following aggravating factors: (1) delay caused by plaintiff himself, not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.[11]  Because a dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim, such a dismissal should be in the interest of justice.[12]  In short, the Fifth Circuit reserves dismissals with prejudice for "cases where the plaintiff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice but to deny that plaintiff its benefits."[13]

Even absent a showing of good cause, a district court may still assess the fairness of an extension for proper service.[14]  And the broad discretion afforded to district courts includes the discretion to construe a Rule 12(b)(5) motion to dismiss as a motion to quash service.[15]  When there is "a reasonable prospect that plaintiff ultimately will be able to serve defendant properly," the appropriate course of action is to quash service and allow the plaintiff an opportunity to effect proper service, thus preserving the matter before the court.[16]

---

[10] *Millan*, 546 F.3d at 326.  The Fifth Circuit continues to apply *Millan*'s heightened standard to any dismissal that is effectively a dismissal with prejudice.  *See, e.g.*, *Yanez v. Dish Network, L.L.C.*, 140 F.4th 626, 632 (5th Cir. 2025) (rejecting argument that heightened standard does not apply to sua sponte dismissals under Rule 41(b)); *Hill v. Hall*, No. 22-40827, 2025 WL 40867, at *2 (5th Cir. Jan. 7, 2025); *Shah v. Novelis*, No. 23-40231, 2024 WL 1739753, at *6 (5th Cir. Apr. 23, 2024).
[11] *Millan*, 546 F.3d at 326 (alteration in original) (quotation marks and citation omitted); *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988).
[12] *Lucero*, 2023 WL 8622293, at *2 (citing *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)).
[13] *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982).
[14] *See Thompson*, 91 F.3d at 21.
[15] *See, e.g.*, *U.S. Fire Ins. Co. v. Miller,* No. 02-1828, 2002 WL 31886812, at *2 (E.D. La. Dec. 18, 2002) (Vance, J.).
[16] *Thomas v. New Leaders for New Schs.*, 278 F.R.D. 347, 352 (E.D. La. 2011) (Africk, J.) (quoting 5B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1354 (3d ed. 2004)); *see also Amir El v. La. State*, No. 16-2125, 2016

In this case, Plaintiff concedes that his service efforts were insufficient under Rule 4. But a dismissal without prejudice would effectively bar a new filing. Thus, to find dismissal proper, this Court must find (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.[17] In addition to finding a clear record of delay or contumacious conduct[18] by the plaintiff, the court must also determine that lesser sanctions would not serve the best interests of justice.[19] Defendant has not established that the delay or defective service was attributable to Plaintiff rather than to counsel or the process server nor has Defendant established actual prejudice. Likewise, Defendant does not demonstrate that the delay caused by intentional conduct nor is there any evidence that a lesser sanction would not serve the best interests of justice.

### III.     CONCLUSION

Despite Plaintiff's defective service and absence of good cause, there is a reasonable prospect that he will be able to serve Defendant properly. Thus, the Court interprets Defendant's motion to dismiss as a motion to quash service and exercises its broad discretion to extend

---

WL 6563403, at *2 (E.D. La. Nov. 4, 2016) (Barbier, J.) (refusing to dismiss action where service is "insufficient but curable" (citation omitted)); *Brown v. Turlich*, No. 24-725, 2025 WL 1840828, at *2 (E.D. La. June 4, 2025) (noting that dismissal is not proper when defendant can be served properly); *Thomas v. Stickler*, No. 25-289, 2025 WL 1142417, at *2 (E.D. La. Apr. 17, 2025) (Morgan, J.) (noting lenient policy towards pro se plaintiffs and propriety of allowing a pro se plaintiff an additional opportunity to effect service properly after his first attempt proves inadequate).
[17] *Millan*, 546 F.3d at 326 (citing *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)). To warrant dismissal, the delay must be more than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Hill*, 2025 WL 40867, at *2 (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013) (quotation marks and citations omitted)). The Fifth Circuit has not articulated a bright line rule to define delay. *Miller v. Ohio Sec. Ins. Co.*, No. 24-30740, 2025 WL 3034704 (5th Cir. Oct. 30, 2025) (comparing *Louisiana v. Sparks*, 978 F.2d 226, 233 (5th Cir. 1992) (finding 8 months of inactivity sufficient delay justifying dismissal with prejudice), with *Haynes v. Turner Bass & Assocs.*, No. 20-40787, 2022 WL 2383855, at *1 (5th Cir. July 1, 2022) (finding "short delay" of 10 months insufficient, resulting in reversal of prejudicial dismissal)).
[18] Contumacious conduct is "stubborn resistance to authority" sufficient to justify a dismissal with prejudice, not mere negligence regardless of how exasperating or careless. *McNeal*, 842 F.2d at 792 (quotation marks and citation omitted). Contumacy worthy of prejudicial dismissal requires "willful disobedience of a court order," *In re Deepwater Horizon*, 922 F.3d 660, 666 (5th Cir. 2019), behavior that "threaten[s] the integrity of the judicial process," *Rogers*, 669 F.2d at 320, or "no reasonable justification for the plaintiff's conduct." *Lucero*, 2023 WL 8622293, at *3.
[19] *Hill*, 2025 WL 40867, at *2. Lesser sanctions include conditional dismissals, dismissals without prejudice, and explicit warnings by the district court. *In re Taxotere (Docetaxel) Prods. Liab. Lit.*, 966 F.3d 351, 360 (5th Cir. 2020).

Plaintiff's deadline to effect proper service on Tangipahoa Parish School Board on or before December 10, 2025. Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant's Motion to Dismiss, construed as a Motion to Quash, is GRANTED for the reasons stated herein. Plaintiff shall effect proper service on Tangipahoa Parish School Board by no later than December 10, 2025. Failure to do so *and* file proof of service into the record will result in dismissal of Plaintiff's claims without further notice.

Dated this __19th__ day of November, 2025.

                                                                DONNA PHILLIPS CURRAULT
                                                                UNITED STATES MAGISTRATE JUDGE