UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BYRON GARNER | * | CIVIL ACTION |
| VERSUS | * | NO. 25-294 c/w 25-1268, DIV. (2) |
| TANGIPAHOA PARISH SCHOOL SYSTEM | * | MAG. JUDGE CURRAULT |

## ORDER AND REASONS

Pending before me is Defendant Tangipahoa Parish School System's Consent Motion to Sever Cases. ECF No. 31. Having considered the record, the submissions and arguments, and the applicable law, the Motion to Sever is DENIED WITHOUT PREJUDICE AS PREMATURE for the reasons stated herein.

## I.    BACKGROUND

Plaintiffs Byron and Demetris Garner, who are married to one another, have each filed discrimination claims against their common employer, Tangipahoa Parish School System. Civ. No. 25-294, ECF No. 1; Civ. No. 25-1268, ECF No. 1. Plaintiff Byron Garner asserts claims of Title VII race discrimination, ADA associational discrimination, 42 U.S.C. § 1981, and related state law claims. ECF No. 31-1 at 1. Plaintiff Demetris Garner primarily asserts disability-based claims arising under the ADA, Rehabilitation Act, Title VII and state law. *Id.*

In accordance with Rule 42(a)(2), the referenced matters were consolidated given the common factual and legal questions in these cases involving discrimination claims (including associational discrimination) by spouses against the same employer. Defendant Tangipahoa Parish School System, with Plaintiffs' consent, seeks to sever the cases on the basis that the claims are factually and legally distinct and have only a small number of overlapping facts, which they contend will lead to substantial prejudice, juror confusion, and inefficiency. ECF No. 31.

1

## II.     APPLICABLE LAW AND ANALYSIS

Rule 42 of the Federal Rules of Civil Procedure provides:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

(b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Defendant asserts that distinct factual and legal issues predominate and create the risk of prejudice and jury confusion.  ECF No. 31-1 at 2-4.  It argues that severance promotes judicial efficiency, again focusing on trial issues.  *Id.* at 3-4.

Initially, motions for severance and motions for separate trials are distinct and preferably should be treated as such.[1]  The Court certainly has the authority to sever claims and/or order separate trials,[2] and the decision to do so rests within the sole discretion of the trial court.[3]  To justify severance, the issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice; this limitation recognizes that if two juries were allowed

---

[1] *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) (citing 9A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE: CIVIL § 2387 (1971) (noting that separate trials usually result in one judgment, but severed claims become entirely independent with separate judgments); *United States v. O'Neil*, 709 F.2d 361, 365 (5th Cir. 1983) (distinguishing severance from separate trial).

[2] *See Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) ("[T]he district court also has discretion to sever claims under Rule 42(b), in furtherance of convenience or economy, or to prevent prejudice."); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir. 1991) (distinguishing between severance under Rule 21 and separate trials under Rule 42).

[3] *Guedry v. Marino*, 164 F.R.D. 181, 186 (E.D. La. 1995).

to pass on an issue involving the same factual and legal elements, the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results.[4]

The jury confusion issues and prejudice cited by Defendant address trial issues, not pretrial matters. These consolidated cases are currently proceeding on the same schedule with one discovery deadline. This allows the parties to avoid duplicative discovery related to both cases. Once discovery has been completed and pretrial motions resolved, there will be a clearer picture of any remaining factual and legal overlap and distinctions, which will then allow the Court to properly assess the risks of undue prejudice and jury confusion relied upon by Defendant. At this time, however, ordering severance or separate trials is premature.

The parties may re-urge this motion following the completion of discovery and pretrial motion practice.

III.   **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant Tangipahoa Parish School System's Consent Motion to Sever Cases is DENIED WITHOUT PREJUDICE AS PREMATURE.

New Orleans, Louisiana, this _____22nd_____ day of April, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[4] *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 115 (E.D. La. 1992); *McDaniel*, 987 F.2d 298, 305 n. 22 (5th Cir. 1993).

3